## CONSOLIDATED MILLS & FEED YARDS CO. v. PATTERSON et al.

### No. 4008.   Decided November 15, 1923.   (221 Pac. 159.)

1. EVIDENCE—LIST FROM SECRETARY OF STATE SHOWING CHARTERS ANNULLED HELD PRIMA FACIE EVIDENCE OF CONTENTS. On issue as to whether a charter was forfeited for failure to pay state license tax, a printed document, under Comp. Laws 1917, § 1274, purporting to be notice from the secretary of state that on April 5, 1920, the Governor filed a list containing names of corporations whose right to do business had been annulled, in which list was defendant corporation, and purporting to give notice of revocation of charter, was prima facie evidence of its contents, when received without objection.

2. EVIDENCE—COURTS TAKE JUDICIAL NOTICE OF GOVERNOR'S PROCLAMATION FORFEITING CORPORATE CHARTER. The proclamation of the Governor of the forfeiture of the charter of a corporation is notice to all the world, of which the courts take judicial notice, that thereafter, unless reinstated, that corporation had no right to engage in business except to wind up its affairs.[2]

Appeal from District Court, Second District, Weber County; *J. N. Kimball*, Judge.

Action by the Consolidated Mills & Feed Yards Company against the Hansen Live Stock & Feeding Company and others, in which the Gwilliam Lumber & Coal Company intervened. Judgment for plaintiff, and defendants Adam Patterson and certain others appeal.

[2] *Houston et al.* v. *Utah Lake L. & W. Co.*, 55 Utah 393, 187 Pac. 174.

AFFIRMED.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, *Richards & Richards,* of Boise, Idaho, and *Joseph E. Evans,* of Ogden, for appellants.

*Stuart P. Dobbs* and *J. C. Davis,* both of Ogden, for respondent.

WEBER, C. J.

The Consolidated Mills & Feed Yards Company commenced this action for the purpose of foreclosing a mortgage upon property of the Hansen Live Stock & Feeding Company, whose name had been changed to Utah Milling & Feed Yards Company. The Gwilliam Lumber & Coal Company intervened in the action and filed a cross-complaint, asking for judgment for $561.87, with interest and attorney's fee, against the Hansen Live Stock & Feeding Company or Utah Milling & Feed Yards Company, and its directors and the trustee in bankruptcy of said company, and to have the judgment impressed as a prior lien upon the real property involved and to have the lien foreclosed. The Gwilliam Lumber & Coal Company had certain dealings with the defendant George E. Sanders, as manager of said Hansen Live Stock & Feeding Company, or Utah Milling & Feed Yards Company, which resulted in the sale and delivery by re spondent to said company, between December 20, 1920, and February 3, 1921, of building materials of the reasonable value of $561.87. The furnishing of the materials and their reasonable value as alleged were unquestioned. The sole question was: Who was liable therefor?

It is alleged in the cross complant that the Hansen Live Stock & Feeding Company was, up to the 14th day of June, 1920, a corporation organized and existing under and by virtue of the laws of the state of Utah; that on the 14th day of June, 1920, the charter of said corporation was forfeited for the failure of said corporation to pay its license tax to the state of Utah for the year 1919.

It is also alleged in the cross-complaint and it appears in evidence that in May, 1920, the stockholders of the Hansen Live Stock & Feeding Company met and amended the articles of incorporation of said, company and changed its name from Hansen Live Stock & Feeding Company to Utah Milling & Feed Yards Company, which amendments were certified by the county clerk of Weber county, state of Utah, to the secretary of state of the state of Utah, and by said secretary of state duly filed; that under the name of Utah Milling & Feed Yards Company a board of directors was duly elected; that said directors filed their oaths of office with the county clerk of Weber county, state of Utah, on May 17, 1920. The appellants and George E. Sanders, Frank Metcalf, and S. W. Parkinson, defendants, constituted the board of directors. Parkinson and Metcalf were never served with summons in this action.

It is alleged in the cross-complaint that if the Utah Milling & Feed Yards Company was not, subsequent to the month of June, 1920, a corporation, it was a partnership, the members of which were such of the stockholders of said Hansen Live Stock & Feeding Company as consented to the change of name, and participated in or acquiesced in the election of the directors.

On April 5, 1920, a petition was filed with the clerk of the United States District Court at Salt Lake City for the adjudication of said Hansen Live Stock & Feeding Company as a bankrupt, and that on June 14, 1921, the United States District Court adjudged said company a bankrupt, and that on July 27, 1921, the defendants Charles A. Zeimer and Acton Lind were duly appointed trustees in bankruptcy of said company and that they qualified and have since continued to act as such.

The court held that for failure to pay the annual license tax the charter of the Hansen Live Stock & Feeding Company, or Utah Milling & Feed Yards Company, was forfeited by the state of Utah on April 5, 1920, and that said tax had not thereafter been paid, and that on December 22, 1920, the appellants Patterson, Blair, Dickey, and Duff, and defend-

ant Sanders, pretending to act as directors of said company, dealt with the respondents Gwilliam Lumber & Coal Company, and contracted for the materials involved in this action and agreed to pay the market value thereof. A joint and several judgment was rendered against the defendants Patterson, Blair, Dickey, Duff, and Sanders, who with the exception of Sanders, appeal from the judgment.

Many errors are assigned, but the one that is decisive relates to the finding of the court that the charter of the Hansen Live Stock & Feeding Company, a corporation, was forfeited on April 5, 1920, for failure to pay its state license tax for the year 1919.

It is contended that no competent evidence was adduced to sustain or justify said finding. The only proof of forfeiture of the charter of the Hansen Company or of the Utah Milling & Feed Yards Company, was a printed document admitted in evidence, purporting to be a notice from the office of the secretary of state, to the effect that on April 5, 1920, the Governor of Utah filed in the office of the secretary of state a list containing the names of all corporations whose right to do business had been annulled and whose charters had been revoked for failure to pay annual license tax, in which list was contained the name of Hansen Live Stock & Feeding Company, and purporting to give notice that the right of said corporation to do business in the state of Utah had been annulled and the charter of said corporation revoked.

It is the duty of the Governor to file with the secretary of state, immediately after the first Monday in April of each year, a full and complete list containing the names of all corporations whose right to do business has been annulled and whose charters have been revoked, and the secretary of state shall then forthwith notify the several county clerks in whose office the articles of incorporation which have been forfeited are on file. Comp. Laws Utah 1917, § 1274.

The notice received in evidence came from the county clerk's office, had been marked filed by the county clerk on June 14, 1920, and was received in evidence without objec-

tion. We think it was prima facie evidence of its contents.

Assuming that it was incompetent, the court's finding was nevertheless right, because the proclamation of the Governor, of the forfeiture of the charter of a corporation in this state, is notice to all the world, of which the courts of this state take judicial notice, that—

"Thereafter, unless reinstated within the time by law provided, that corporation had no right and no power to engage in any business whatever except such as would be necessary for the purpose of winding up its affairs." *Houston et al.* v. *Utah L. & W. Co.*, 55 Utah, 393, 187 Pac. 174.

In this case the directors ignored the law, and continued to transact business regardless of the fact that the charter of the corporation had been forfeited. They therefore became personally liable for the debts by them contracted, as found by the trial court.

The judgment is affirmed.

GIDEON, THURMAN, CHERRY, and FRICK, JJ., concur.